UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

U.S. SPECIALTY INSURANCE COMPANY,

                                 Plaintiff,

                                                                               <u>DECISION AND ORDER</u>

                                                                                10-CV-6533L

                v.

LEBEAU, INC., et al.,

                                 Defendants.
_____

## INTRODUCTION

On May 31, 2009, during and in proximity to an air show held at Ontario Beach Park in the City of Rochester, defendant Shane Full, a pedestrian, was struck and seriously injured by a motor vehicle operated by a third party, Jessie Schlageter, who was driving a vehicle near the site of the air show.

On May 28, 2010, Kari Ann Full, individually and as Shane Full's guardian, filed an action in New York State Supreme Court, Monroe County, against the County of Monroe (which owns Ontario Beach Park and issued a permit to the Airport Authority for its use in the air show), the Monroe County Sheriff's Department and the Monroe County Sheriff, the Monroe County Airport Authority (which sponsored the air show) (collectively "County defendants"), LeBeau, Inc., d/b/a Beau Productions (the manager and producer of the air show), the City of Rochester, the City of Rochester Police Department, and the Town of Greece. The complaint in that action generally alleges that the parties' carelessness and negligence in controlling motor vehicle traffic and failure to afford proper safety measures for pedestrians caused Shane Full's injuries.

The permit issued to the Airport Authority by the County for the air show required LeBeau to obtain insurance, naming the County and the Airport Authority as additional insureds, to protect against claims for bodily injury, death, property damage, etc., "which may arise from the performance of work under this agreement whether or not such performance be by [LeBeau] or by any subcontractor or anyone else employed by them directly or indirectly..." (Dkt. #51-5, Permit Agreement at ¶17).

LeBeau procured that insurance (the "policy", Dkt. #51-6) through plaintiff U.S. Specialty ("USSIC"). After the underlying action was filed, USSIC denied coverage for Shane Full's injuries under the policy, due to the auto exclusion contained therein. USSIC then commenced this declaratory judgment action, seeking a judicial determination that the policy does not cover Shane Full's injuries, and further, that the defendants are not entitled to any defense or indemnification by USSIC, because Full's injuries were sustained outside of the "covered premises," and because the incident fell within the auto exclusion.

USSIC and the County defendants have separately moved for partial summary judgment with respect to the discrete issue of whether the auto exclusion (as modified by endorsements to the policy) precludes coverage for the County defendants. (Policy: Dkt. #51-6). The County defendants contend that the modified exclusion is at best ambiguous, and that a reasonable insured would not have believed that it disclaimed all coverage for any motor vehicle accident, including one caused by a vehicle which was not owned or operated by an insured, and with which none of the insured had any relationship. USSIC, on the other hand, claims that the policy exclusion and endorsement are clear and unambiguous, particularly within the context of a second endorsement that extended coverage to autos operated by the insured on airport grounds, and that anyone reading the exclusion would have understood that the policy excluded any injury caused by an automobile operated by third parties.

For the reasons set forth below, USSIC's motion for partial summary judgment (Dkt. #50) is granted, the County defendants' cross motion for partial summary judgment (Dkt. #51) is denied.

The Court finds that the auto exclusion at issue is clear and unambiguous, and that in light of its clear terms, USSIC is not obligated to defend or indemnify the County defendants in the underlying personal injury action.

## DISCUSSION

**I.     Summary Judgment**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). (2000). In determining a motion for summary judgment, the Court's role is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. When considering a motion for summary judgment, the Court must construe all inferences from underlying facts in the light most favorable to the non-movant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), *citing United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

**II.    The Policy's Auto Exclusion**

The material facts concerning the underlying accident, and the terms of the policy itself, are undisputed. The parties agree that at the time Shane Full was injured, the policy was in full force and effect.

In its boilerplate form, the policy contained an exclusion for "[b]odily injury . . . arising out of the ownership . . . use, or entrustment to others of any aircraft, auto or watercraft owned or operated by or . . . loaned *to any insured*. 'Use' includes operation and loading or unloading." (Dkt. #61-6 at 8) (emphasis added). However, this exclusion was amended by an endorsement to the policy, which specified the same scope of coverage for injuries caused by aircraft and watercraft, but

conspicuously expanded the exclusion as it pertained to automobiles, by dropping the requirement that the injury stem from a vehicle owned, operated or loaned to "any insured."

That endorsement reads as follows:

[This insurance does not apply to] . . .

a.  Bodily injury . . . arising out of the ownership, maintenance, use or entrustment to others of any aircraft or watercraft *owned or operated by or . . . loaned to any insured*. "Use" includes operation and loading or unloading.

b.  Bodily injury . . . arising out of the ownership, maintenance, use or entrustment to others of any auto. "Use" includes operation and loading or unloading.

(Endorsement 20410, Dkt. #56-6 at 31) (emphasis added).

A second endorsement was also added to the policy, which provided that the auto exclusion would not apply to (and thus, that coverage would extend to injuries arising out of) automobiles operated by the insured "on the airport." (Endorsement 20420, Dkt. #56-6 at 32).

### A. Extent of Coverage

In support of its instant motion, USSIC claims that the policy's auto exclusion is clear and unambiguous, and that the issue of whether it excludes any and all injuries caused by an automobile may be resolved in the affirmative, as a matter of law, based upon the undisputed facts. The County argues that the auto exclusion is ambiguous, and/or that there are ample material questions of fact which preclude summary judgment. Under New York law, "[a]mbiguity exists where the terms of an insurance contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *30 Gardenville, LLC v. Travelers Prop. Cas. of America*, 387 F. Supp. 2d 205, 212 (W.D.N.Y. 2005).

Where insurance coverage is ambiguous, doubts are to be resolved in favor of the insured and against the insurer. *Brabender v. Northern Assurance Co. of America*, 65 F.3d 269, 273 (2d Cir. 1995); *Handelsman v. Sea Ins. Co., Ltd.*, 85 N.Y.2d 96, 101 (1994). More specifically, exclusionary clauses in which the insured had little or no input are to be strictly construed against insurers.

*Thomas J. Lipton, Inc. v. Liberty Mut. Ins. Co.*, 34 N.Y.2d 356, 361 (1974). Furthermore, "[w]hen the exclusionary clause does not include the particular loss that the insurance company alleges, then the insured is entitled to be defended and possibly indemnified." *Westview Associates v. Guarantee National Ins. Co.*, 95 N.Y.2d 334, 340 (1993).

The test for ambiguity in an insurance agreement is whether "an ordinary business man in applying for insurance and reading the language of these policies . . . would have thought himself covered against precisely the damage claims now asserted." *Kenyon v. Security Ins. Co. of Hartford*, 163 Misc. 2d 991, 996 (Sup. Ct. Monroe County 1993), *quoting Thomas J. Lipton, Inc.*, 34 N.Y.2d 356 at 361.

The Court's initial focus, then, is whether an "ordinary business man" would have reasonably believed that the policy's exclusion for injuries "arising out of the use . . . of any auto" would exclude such injuries regardless of whether they were, as here, caused by a third party with no relationship to the insured. For the reasons that follow, I conclude that the auto exclusion clearly and unambiguously excludes coverage for any and all personal injuries "arising out of the . . . use . . . of any auto[mobile]," including use by third parties, and that an ordinary businessperson could not have reasonably believed otherwise.

I have examined the cases relied upon by the County defendants, wherein other courts concluded that similar clauses *were* ambiguous, and find that they are readily distinguishable from the facts and law applicable to this case. In *Essex Ins. Co. v. City of Bakersfield*, 154 Cal. App. 4th 696 (Ct. App. Cal., 5th App. Dist. 2007), the California Circuit Court of Appeals weighed whether a policy exclusion operated to bar coverage for injuries caused by an automobile at a parking area distant from the insured event, caused by a motor vehicle operator who was not an agent or employee of the insured. The *Bakersfield* court reasoned that the auto exclusion did not apply because, *inter alia*, the City was not being sued over the negligent "use of an automobile," but because it had allegedly created a dangerous condition, one which proximately led to an automobile accident.

While the *Bakersfield* facts and liability theories are notably similar to those presented here, the same legal reasoning does not apply. It is well settled that under New York law, it is the act giving rise to liability -- and not the theory of liability alleged -- that is determinative of whether an insurance policy exclusion applies. *See e.g.*, *Mount Vernon Fire Ins. Co. v. Creative Housing, Ltd.*, 88 N.Y.2d 347, 352 (1996); *U.S. Fire Ins. Co. v. New York Marine and Gen. Ins. Co.*, 706 N.Y.S.2d 377, 378-379 (1st Dept. 2000). Because the exclusion at issue relates to the use of an automobile, and Shane Full's injuries are alleged to have been caused when he was struck by an automobile, the fact that plaintiff's particular theories of liability against the County defendants may sound in negligence does not render the exclusion for injuries "arising out of the . . . use . . . of any auto[mobile]" ambiguous or inapplicable.

The County also relies upon the New York case of *Essex Ins. Co. v. Grande Stone Quarry LLC*, 82 A.D.3d 1326 (3d Dept. 2011), which involved an auto exclusion and endorsement virtually identical to those presented here. The *Grande Stone Quarry* court found in that case that the insurer had a duty to defend and indemnify the defendant in the underlying personal injury action, due to ambiguities created by the changes made in the endorsement. The court observed that the endorsement's expansion of the types of vehicles excluded, combined with its simultaneous deletion of the term "any insured" from the original requirement that the injury-causing vehicle be owned, operated or loaned by "any insured," as well as the policy's use of the inconsistent term "insured or any other persons" elsewhere within the exclusionary language, would not necessarily have caused "a reasonable insured reading the pertinent language [to] realize that protection had been extinguished for claims resulting from third parties using such vehicles when injured by a condition of the insured's property." *Id.*, 82 A.D.2d 1326 at 1328-1329.

Unlike the *Grande Stone Quarry* endorsement, the changes made to the auto exclusion by the instant endorsement do not obscure or distract from the clear omission of coverage for "any insured" with respect to injuries arising out of the use of an automobile, nor do they create internal inconsistencies within the policy. To the contrary, the endorsement's revisions serve to highlight

and clarify the total lack of coverage for injuries arising out of the use of an automobile. No new vehicle types are added or discussed, and the language of the endorsement is not inconsistent with the rest of the policy: the modifications serve solely to specify that while injuries caused by aircraft and watercraft owned, operated or loaned to "any insured" continue to be excluded, just as specified in the original policy language, the exclusion for injuries caused by the "ownership... use or entrustment to others of any auto" is no longer limited solely to insureds.

I agree with the reasoning and holding of the New York state case of *DMP Contracting Corp. v. Essex Ins. Co.*, 76 A.D.3d 844 (1st Dept. 2010), which examined an identical endorsement in a similar factual context. I concur that the "plain meaning" of an exclusion for "bodily injury . . . arising out of . . . any auto . . . is that bodily injury occurring as described is not covered, whether or not it is the insured who owned, maintained, used or entrusted to others the subject automobile." *Id*., 76 A.D.3d 844 at 846.

In fact, not only would a reasonable businessperson understand that the endorsement served to drop the requirement that the injury-causing automobile be owned, operated or loaned to an insured, but I find that it would be patently *unreasonable* for a reader to believe otherwise. If one interprets the reference to injuries caused by "any auto" to extend only to automobiles owned, used or loaned to "any insured," then the entire endorsement, with its purposeful delineation of separate categories and language for aircraft/watercraft, and autos, would be a superfluous and meaningless exercise, having precisely the same meaning and scope as the original policy language. In construing the terms of an insurance contract, courts are cautioned that, "an interpretation that gives a reasonable and effective meaning to all terms of a contract is preferable to one that leaves a portion of the writing useless or inexplicable." *See Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 558 (2d Cir. 2000); *United States Underwriters Ins. Co. v. Affordable Hous. Found., Inc.*, 256 F. Supp. 2d 176, 181 (S.D.N.Y. 2003), *aff'd*, 88 Fed. Appx. 441 (2d Cir. 2004). *See also Westview Associates v. Guaranty National Ins. Co.*, 95 N.Y.2d 334, 339 (2000)

(courts should avoid construing conflicting provisions and ambiguities within a policy in a manner that negates certain coverages, or in ways that render coverage provisions "mere surplusage").

I therefore conclude that the policy and its endorsements are clear and unambiguous, and that the average, reasonable insured could not have interpreted the subject auto exclusion to provide any coverage for personal injuries arising out of the use of any automobile (except as provided for in Endorsement 20420, which does not apply to the facts presented here), including those caused by the operation of an automobile by a third party with no relationship to the insureds.

I further observe that Shane Full's undisputed injuries fall entirely within the ambit of injuries "arising out of the . . . use . . . of any auto." It is well settled under New York law that the term "arising out of" is afforded a broader meaning in the context of general liability insurance than the term "caused by," and that "a liability policy exclusion which excludes injuries arising out of the ownership, maintenance, or use of a motor vehicle" will extend to any injuries "originating from, incident to, or having a connection with the use of the vehicle." *Liberty Mutual Ins. Co. v. E.E. Cruz & Co., Inc.*, 475 F. Supp. 2d 400, 408-409 (S.D.N.Y 2007) (collecting cases). Because the direct cause and sole origin of Shane Full's injuries is undisputedly his having been struck by a moving automobile operated by a third party during the air show and in proximity to the air show premises,[1] his injuries fall entirely within the unambiguous terms of the auto exclusion.

### B. Duty to Defend

Having found that the policy clearly and unambiguously excludes coverage for the subject personal injuries, the Court must then proceed to examine the broader question of whether USSIC is obligated to provide the County defendants with a defense in the underlying action.

It is well settled that an insurer's duty to defend its insureds is broader than its duty to provide coverage, and that regardless of whether it is ultimately obligated to indemnify an insured, "an

---

[1] The Court uses the term "cause" solely for the purpose of identifying the immediate, physical agent of Shane Full's injuries, based on the undisputed facts. The Court makes no findings with regard to proximate cause, liability or fault in the underlying personal injury action, nor should its discussion of the genesis of Full's injuries be construed as such.

insurer will be called upon to provide a defense whenever the allegations of the complaint' 'suggest . . . *a reasonable possibility* of coverage.'" *BP Air Conditioning Corp. v One Beacon Insurance Group*, 8 N.Y.3d 708, 714 (2007) (emphasis added), *quoting Automobile Ins. Co. of Hartford v Cook*, 7 N.Y.3d 131, 137 (2006). Thus, "[t]he duty to defend . . . is derived from the allegations of the complaint and the terms of the policy. If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend." *Technicon Elecs. Corp. v American Home Assur. Co.*, 74 N.Y.2d 66, 73 (1989). "When an insurer seeks to disclaim coverage on the further basis of an exclusion, as it does here, the insurer will be required to provide a defense unless it can 'demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation.'" *Automobile Ins. Co. of Hartford*, 7 N.Y.3d 131 at 137, *quoting Allstate Ins. Co. v Mugavero*, 79 NY2d 153 at 159 (1992).

The complaint in the underlying case (Dkt. #42-6) primarily alleges that the City was careless, reckless and/or negligent in its planning and organization of the air show with respect to vehicle and pedestrian traffic, and that as a result, pedestrian Shane Full "was struck by a motor vehicle . . . causing [him] to sustain extensive, serious and permanent personal injuries." (Dkt. #42-6 at ¶36.) The theory of liability and the alleged instrumentality of injury are clear, and not subject to alternate interpretations. Because the injuries alleged in the complaint in the underlying action -- personal injuries arising out of the use of a motor vehicle -- unambiguously and entirely fall within the policy's exclusion for "[b]odily injury . . . arising out of the . . . use . . . of any auto," I further find that there is no "reasonable possibility" of coverage, *BP Air Conditioning Corp.*, 8 N.Y.3d 708 at 714, and that USSIC has demonstrated that it is not obligated to defend the County defendants in that action.

I have considered the remainder of the County defendants' arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, USSIC's motion for partial summary judgment (Dkt. #50) is granted, and the County defendants' cross motion for partial summary judgment (Dkt. #51) is denied. I hereby find, order and declare that, pursuant to the clear and unambiguous terms of the policy at issue (U.S. Specialty Special Event Liability Insurance Policy No. AS00164997-00), USSIC is not obligated to defend or indemnify the County defendants for claims relating to the injuries sustained by Shane Full when he was struck by an automobile on May 31, 2009 in Rochester, New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 22, 2012.